UNITED STATES of America, Plaintiff–Appellee,

v.

Ernesto SANCHEZ–PARRA, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Javier Esparza–Vela, Defendant–Appellant.

Nos. 03–50661, 04–50008.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 31, 2004.

Joseph H. Gay, Jr., Assistant U.S. Attorney, MArgaret M. Embry, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

In this consolidated appeal, Ernesto Sanchez–Parra and Javier Esparza–Vela (hereinafter, "Appellants") appeal the district court's denial of their motions to dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

miss the indictments against them which charged them with violating 8 U.S.C. § 1326(a). The appellants argue that their indictments were invalid because the underlying deportation orders, which were based on having been convicted of the felony driving while intoxicated, are invalid under *United States v. Chapa–Garza*, 243 F.3d 921, 927 (5th Cir.2001).

The denial of a motion to dismiss an indictment is reviewed *de novo.* *United States v. Wilson*, 249 F.3d 366, 371 (5th Cir.2001). To challenge the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. *United States v. Lopez–Vasquez*, 227 F.3d 476, 483 (5th Cir.2000); 8 U.S.C. § 1326(d).

The appellants fail to show that their deportation hearings were fundamentally unfair inasmuch as the hearings did not violate their procedural due process rights. *See United States v. Lopez–Ortiz*, 313 F.3d 225, 230 (5th Cir.2002), *cert. denied,* 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The court need not reach the appellants' remaining arguments. *See Lopez–Ortiz*, 313 F.3d at 231; *Lopez–Vasquez*, 227 F.3d at 485. AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.